CLARK, Judge ad hoc.
Plaintiffs, Kenneth L. McCready and his wife, Billie T. McCready, appeal the judgment rejecting their demands for damages. An employee of Mervyn’s Department Store, Mrs. McCready fell at work on June 13, 1986 and received worker’s compensation benefits for her injuries. Also appealing is Mervyn’s insurer, Fireman’s Fund Insurance Companies, which intervened to recover worker’s compensation benefits re *684 ceived by Mrs. McCready. The judgment is affirmed at appellants’ costs.
Plaintiffs sued the Ouachita Parish School Board as lessor-owner of Ouachita Parish Junior High School. The Board had leased the school cafeteria to Mervyn’s during the summer. Mervyn’s was in the process of opening a new store and needed this space to interview prospective employees and do other things connected with moving into the new location. Mrs. McCready was assigned to this temporary office.
About 9:00 A.M. Mrs. McCready was walking in a work area of the cafeteria when she fell forward and landed on her hands and knees. She charged that the fall was caused by an excessive build-up of wax which she claimed had been applied by employees of the defendant School Board on the previous night.
The trial judge, in very detailed and thorough reasons for judgment, found that plaintiffs had failed to prove by a preponderance of the evidence that the cafeteria floor posed an unreasonable risk of harm. He discussed the issue of liability under the criteria set forth in Waters v. McDaniel Recreation Center, 521 So.2d 788 (La.App.2d Cir.1988), writ denied, 524 So.2d 520 (La.1988).
That case held that, under either a negligence or strict liability theory, a plaintiff has the burden of proving:
1) defendant has custody of the property causing the damage;
2) the property was defective because it had a condition that created an unreasonable risk of harm;
3) the defect was the cause-in-fact of the injury.
Mrs. McCready’s testimony that she observed something on the floor which she believed was wet or unbuffed wax is not supported by any other testimony. It is noted that the trial court made a specific finding as to this. The record reveals no error in this finding. The trial court also observed that Mrs. McCready did not notice the floor to be slippery or unusually shiny before her fall.
On the day of the accident Jeff Hale, security supervisor for Mervyn’s, asked the reason for the fall and Mrs. McCready responded “just clumsy me, my feet went out from under me.” Mr. Hale also testified he looked at the floor after the fall and found it to be clean, not shiny. The floor did not appear to have any build-up of wax and was not slippery.
Mr. William Thomas Middleton, then principal of the school, went to the scene and testified the floor did not appear to be slippery or to have any wax build-up. It was clean and he was unable to say whether it was shiny or not.
Mrs. McCready claimed to have heard two employees of the School Board remark that they had waxed the floor the night before but this was not supported by other testimony. In fact, Mr. Middleton testified that the floor had been stripped, waxed and buffed on the night of June 2, some eleven days before this accident. No cleaning or other work was done to the floors by the School Board up to the time of the fall, as Mervyn’s had taken over that maintenance. He explained that while he had no independent recollection of these facts he was testifying from notes he made while gathering information to answer interrogatories. He had talked with Mr. Gates, the Board’s supervisor of maintenance at the school, but who died before trial. He further said that Mervyn’s turned down his offer to have school personnel take care of cleaning, etc. The trial court found that Mer-vyn’s employees, rather than the school employees, performed janitorial-type work and at the conclusion of each work evening swept and wet-mopped the floor and emptied the trash.
It is undisputed that Mrs. McCready fell forward, landing on her hands and knees. The trial court observed it was at least as plausible an explanation that the fall resulted from, as she described it to her witness, Mr. Hale, “just old clumsy me." The court concluded that plaintiffs failed to prove by the required preponderance of the evidence that the cafeteria floor posed an unreasonable risk of injury and thus did not meet *685 the second requirement of Waters, supra, in order to prevail.
The trial court also furnished a detailed analysis of numerous decisions of the appellate courts where the claims asserted a premises hazard. While commending him for his scholarly work, we find it unnecessary for purposes of this decision to reproduce his comments in view of his findings of fact.
As stated by the Supreme Court in Rosell v. Esco, 549 So.2d 840 (La.1989):
It is well settled that a court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong,” and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The appellate review of fact is not completed by reading only so much of the record as will reveal a reasonable factual basis for the finding in the trial court, but if the trial court or jury findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong....
When findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact’s findings; for only the fact-finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Where documents or objective evidence so contradict the witness’s story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness’s story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. But where such factors are not present, and a fact-finder’s finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong.
Rosell v. Esco, supra at 844-5 (citations omitted).
After reviewing the record in its entirety we conclude that the decision of the trial court should be affirmed, at appellants’ cost.
AFFIRMED.